IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHARD THEODORE THARPE Jr., §
(TDCJ No. 1413860) §
VS. § CIVIL ACTION NO.4:07-CV-542-Y
 §
 §
GEORGE GALLAGHER, et al. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Richard Theodore Tharpe Jr.'s case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Tharpe, an inmate in the Texas Department of Criminal Justice, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendants several individuals associated with a forfeiture proceeding in criminal district court in Tarrant County, Texas. (Compl. Style;§ IV(B).) Tharpe, who was otherwise convicted of possession with intent to deliver a controlled substance of four grams or more, but less than 200 grams, namely cocaine, in case number 1002909D in the 372nd Judicial District Court,[1] challenges a second proceeding in Criminal District Court Number 4 of Tarrant County, Texas, in case number S-8818, in which his Saturn vehicle

---

[1]Tharpe has filed a petition for writ of habeas corpus challenging this proceeding, *Tharpe v. Quarterman,* No.4:08-CV-366-A. The Court takes judicial notice of the records of this Court, and the State Court records included therein. After initially being placed on deferred adjudication, Tharpe violated the conditions of release, and upon the State's petition to proceed to adjudication, Tharpe was adjudged guilty and sentenced to 25 years on January 10, 2007. *See Ex parte Tharpe,* WR-69,118-02 at 88-97. Tharpe's conviction was affirmed by the Court of Appeals of Texas, Second District, in case number 2-07-016-CR.

was forfeited.[2] (Compl. § V.) Tharpe challenges the actions of the police officers during the underlying arrest and seizure of narcotics from his vehicle, which was later forfeited, and the actions of Judge George Gallagher, Assistant District Attorney Ann B. Wright, and appointed counsel, Joe Johnson Jr. (Compl. § V.) He seeks return of his vehicle and monetary compensation. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading

---

[2] Tharpe also filed a petition for writ of habeas corpus challenging the forfeiture proceeding, *Tharpe v. Quarterman,* No.4:07-CV-494-Y, which was dismissed by this Court for lack of jurisdiction. The Court also takes judicial notice of this record. Tharpe's appeal from the judgment of forfeiture was dismissed by the Court of Appeals of Texas, Second District, in case number 2-06-439-CV.

[3] *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7] After review of the complaint under these standards, the Court concludes that Tharpe's claims must be dismissed.

The Court first determines that with regard to some of the defendants, this Court must apply the doctrine of absolute immunity. Although this Court will also subject Plaintiff's claims to an analysis under *Heck v. Humphrey*, 512 U.S. 477 (1994), "it is appropriate for the district court to resolve the question of absolute immunity before reaching the *Heck* analysis when feasible."[8] As for Plaintiff's claims against Judge George Gallagher, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[9] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[10] Because any complained-of conduct by Judge Gallagher was judicial in nature and was undertaken pursuant to the jurisdiction provided to the Criminal District Court Number 4, Judge Gallagher is entitled to absolute immunity from this suit. As a result, all of Plain-

---

[6] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

[7] *Id.*, citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994).

[9] *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also*, *Boyd*, 31 F.3d at 284.

[10] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

3

tiff's claims against Judge Gallagher for monetary damages will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii).

The doctrine of absolute immunity also applies to defendant Ann B. Wright, assistant district attorney, Tarrant County, Texas. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[11] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[12] Here, even assuming Plaintiff's allegations against Wright are true, she took such action in the role as prosecutor on behalf of the State of Texas. Thus, defendant Wright is entitled to absolute prosecutorial immunity, and Plaintiff's claims against her for monetary damages must be dismissed under the authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color

---

[11] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[12] *Imbler,* 424 U.S. at 431 n.33.

4

of law.[13] As to Tharpe's allegations against his attorney, he has failed to satisfy the second element. Tharpe has failed to show that Joe Johnson,, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[14] Tharpe cannot show that Johnson was acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against Johnson must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

As an alternative basis for the dismissal of the claims against the defendants already subject to dismissal as noted, and dismissal of the remaining claims, the Court concludes that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking monetary damages and the return of his vehicle for alleged violations of his constitutional rights arising from a forfeiture proceeding following a criminal conviction. In *Heck v. Humphrey,* 512 U.S. 477, 486 (1994), the Supreme Court held that a § 1983 claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct

---

[13]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[14]*See Thompson v. Aland,* 639 F.Supp. 724, 728 (N.D. Tex.1986)(citing *Polk County v. Dodson,* 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe,* 8 F.3d 214, 216-17 (5th Cir. 1993).

5

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[15] Tharpe acknowledges that the Fourth Amendment issues he raises here were asserted during the forfeiture proceeding, after which the Court declared a forfeiture of the 1998 Saturn vehicle. (Compl. § V, attachment pages.) Because Tharpe's allegations here implicate the validity of that forfeiture proceeding and judgment, the rule in *Heck* applies to the instant complaint.[16] Plaintiff's challenges, if successful, necessarily would imply the invalidity of his conviction and the seizure of the vehicle, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court.[17] As a result, Plaintiff's claims for monetary damages and return of his vehicle are not cognizable under § 1983, and must be

---

[15] *Heck*, 512 U.S. at 486-87; *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

[16] *See Gay v. United States*, No. H-06-3661, 2006 WL 3499543, at *3 (S.D.Tex. Dec. 5, 2006)

> ("Because the plaintiff's allegations implicate the validity of the forfeiture judgment, the rule in *Heck* applies to the pending complaint. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir.1994) (applying *Heck* to a *Bivens* claim); *see also Dadi v. Hughes*, 67 Fed. App'x 242, 2003 WL 21108550 (5th Cir.) (No. 02-21164) (agreeing that the rule in *Heck* bars a challenge to the validity of an in rem forfeiture), *cert. denied*, 540 U.S. 962 (2003); *Cooper v. United States*, 44 Fed. App'x, 2002 WL 1396975 (5th Cir.2002)(same)"),

aff'd, *Gay v. United States*, 250 Fed. Appx 643, 2007 WL 3005232, at *1 (5th Cir. October 15, 2007)(unpublished--copy attached).

[17] Records reveal that neither the underlying conviction nor the judgment of forfeiture have been overturned or invalidated. *See* footnotes 1 and 2 *infra*.

dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[18]

It is therefore ORDERED that all of Plaintiff's claims against George Gallagher and Ann B. Wright are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

It is further ORDERED that all of Plaintiff's claims against Joe Johnson are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

It is further ORDERED that all of Plaintiff's remaining claims, and alternatively, all claims against the defendants already dismissed for other reasons, are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[19]

SIGNED August **27**, 2008.

TR Means
_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[18]*See Heck*, 512 U.S. at 487-88.

[19]*See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).